UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN W. ASHCRAFT,

Plaintiff,

v.                                              CAUSE NO.: 3:19-CV-303-JD-MGG

ROBERT CARTER, SR., et al.,

Defendants.

OPINION AND ORDER

John W. Ashcraft, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Ashcraft alleges that the LexisNexis service has been down in the law library since 2019 and that he has been unable to conduct legal research by requesting copies from the library clerk, T. Wall. He either receives no response to his frequent requests, or he is instructed to conduct research on his own or to pay for legal

materials. He currently proceeds on a petition for post-conviction relief in State court as a pro se litigant, and he has an evidentiary hearing scheduled for August 2019. He has missed and reset deadlines due to his inability to conduct legal research. For his claim, Ashcraft seeks money damages.

Ashcraft asserts that prison officials violated his right of access to the courts by limiting his ability to conduct legal research. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.* (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words,

"the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds). Though the petition for post-conviction relief remains pending, Ashcraft states that he has missed court deadlines and thus adequately alleges prejudice to a potentially meritorious claim.

Ashcraft asserts this claim against nine defendants. "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Ashcraft does not allege that Robert Carter or Warden Sevier are personally involved. The allegations suggest that John Salyer, Mr. Hootnic, John Harvil, Captain Smiley, Lieutenant Eakins, and Sergeant Johnson had some involvement when Ashcraft told them about his inability to conduct research and they did nothing. However, these allegations do not suggest these defendants intentionally denied him access to the courts, so Ashcraft may not proceed against them. Nevertheless, Ashcraft states a plausible denial of access to the courts claim against T. Wall.

For these reasons, the court:

(1) GRANTS John W. Ashcraft leave to proceed on a denial of access to the courts claim against T. Wall for failing to assist him with legal research in connection with his pending petition for post-conviction relief;

(2) DISMISSES Robert Carter, Warden Sevier, John Salyer, Mr. Hootnic, John Harvil, Captain Smiley, Lieutenant Eakins, and Sergeant Johnson;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on T. Wall at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), T. Wall to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which John W. Ashcraft has been granted leave to proceed in this screening order.

SO ORDERED on April 18, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT