UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN W. ASHCRAFT,

    Plaintiff,

v.                                            CAUSE NO. 3:19-CV-303-DRL-MGG

T. WALL *et al.*,

    Defendants.

## OPINION & ORDER

John W. Ashcraft, a prisoner without a lawyer, alleges interference with his access to the courts against T. Wall and Ms. Kennerk. He says they failed to assist him with legal research for his pending petition for post-conviction relief. The defendants filed a summary judgment motion, arguing that the record lacks evidence of intent, personal involvement, or prejudice to a potentially meritorious claim. Mr. Ashcraft also filed a summary judgment motion, conceding T. Wall's lack of involvement but maintaining that he is entitled to judgment in his favor against Ms. Kennerk.

## FACTS

Mr. Ashcraft resided in the maximum-security unit at the Westville Correctional Facility. ECF 8 at 2. Ms. Kennerk worked in the facility's central law library, where she supervised inmate workers who responded to legal research inquiries and occasionally reviewed their responses. ECF 91 at 2. In November 2018, LexisNexis became unavailable to inmates in the maximum-security unit, and inmates were directed to send their research inquiries to the central law library. ECF 111-1 at 47; ECF 114-1 at 10.

In October 2018, Mr. Ashcraft filed a petition for post-conviction relief in Wayne Circuit Court. ECF 76 at 2-13; ECF 111-1 at 26. In his effort to litigate his petition, he submitted numerous research inquiries to the central law library. ECF 8 at 2-3. In response, he was instructed to conduct

research on his own or to submit a signed remittance slip as collateral for loaned copies of legal materials. *Id.*; ECF 114-1 at 7, 12, 14. At other times, he received no response. ECF 8 at 2-3. On May 21, 2019, Mr. Ashcraft dismissed his petition for post-conviction relief without prejudice. ECF 17. In October 2019, he transferred to the Wabash Valley Correctional Facility, where he now receives adequate access to the law library. ECF 33, ECF 111-1 at 13, 76.

## STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

## DISCUSSION

Mr. Ashcraft asserts that T. Wall and Ms. Kennerk violated his right of access to the courts by refusing to assist him with legal research. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id.* (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). For § 1983 claims against individuals, "liability depends on each defendant's knowledge and

2

actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

Mr. Ashcraft does not dispute T. Wall's lack of personal involvement with his claim. ECF 114 at 1; ECF 115. Further, the record contains no evidence that Ms. Kennerk was personally involved with any of Mr. Ashcraft's research inquiries. The record indicates that Ms. Kennerk supervised inmate workers who responded to such inquiries, but her supervisorial duties alone cannot establish personal involvement. The record also indicates that she occasionally reviewed the inmate workers' responses, but no evidence suggests that she reviewed Mr. Ashcraft's research inquiries or the responses to him. On this basis alone, the defendants are entitled to summary judgment.

Moreover, the record lacks evidence to support the key component of his claim — that the limited access to the law library prejudiced his claims for post-conviction relief. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To start, Mr. Ashcraft dismissed his petition without prejudice, so he remains free to refile and to litigate the petition. Next, Mr. Ashcraft specifically refers to the deadlines for discovery and amended pleadings, but the record contains an order from the Wayne Circuit Court explaining the relevant discovery procedures as well as Mr. Ashcraft's discovery requests directed to the prosecuting attorney in compliance with those discovery procedures. ECF 69 at 7-9; ECF 111-4. The record also indicates that he intended to amend his petition to include a claim of manifest injustice but that such an amendment would have been redundant with the allegations in the initial petition and thus futile. ECF 76 at 2-13; ECF 82 at 3.

It is also unclear why Mr. Ashcraft did not seek to accommodate his legal research needs in other ways, such as by asking for appointed counsel or by asking for an extension of time or a stay of

proceedings pending improved access. Though Mr. Ashcraft contends that the amended pleadings deadline could not be extended "by law," (ECF 8 at 3), he cites no legal authority for this proposition, and the applicable rules suggest otherwise. Ind. R. Post-Conviction-Relief 1.4(c) ("The petitioner shall be given leave to amend the petition as a matter of right no later than sixty [60] days prior to the date the petition has been set for trial. Any later amendment of the petition shall be by leave of the court.").

The court understands Mr. Ashcraft's frustration with the limited assistance provided by law library staff during the LexisNexis outage and acknowledges that certain practices, as alleged, raise legitimate concerns, but whether they rise to the level of constitutional violations proves the issue here. The salient issue at this stage is whether the record contains any evidence to suggest that Ms. Wall or Ms. Kennerk engaged in any conduct that resulted in prejudice to Mr. Ashcraft's post-conviction claims. Because the record contains no such evidence, the court grants the defendants' summary judgment motion and denies Mr. Ashcraft's summary judgment motion. The interference with access to the court claim is dismissed. No other claims remain in this case.

For these reasons, the court:

(1) DENIES the plaintiff's motion for summary judgment (ECF 114);

(2) GRANTS the defendants' motion for summary judgment (ECF 111); and

(3) DIRECTS the clerk to enter judgment in the defendants' favor and to close this case.

SO ORDERED.

December 2, 2020                              *s/ Damon R. Leichty*
                                              Judge, United States District Court